**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4469-15T3

U.S. BANK NATIONAL
ASSOCIATION,

    Plaintiff-Respondent,

v.

RCL MANAGEMENT, GARDEN STATE
POOL I, LLC, TOWNSHIP OF
HILLSIDE,

    Defendants,

and

RODNEY LEE,
his heirs devise, and
personal representatives
and his/her, their, or
any of their successors
in right, title and interest,

    Defendant-Appellant.

_____

Submitted September 26, 2017 — Decided October 17, 2017

Before Judges Reisner and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-030486-13.

Rodney Lee, appellant pro se.

RAS Citron, LLC, attorneys for respondent (John Habermann and Monika Pundalik, on the brief).

PER CURIAM

Defendant Rodney Lee seeks to challenge the foreclosure of a mortgage by plaintiff U.S. Bank National Association. Because Lee did not file his notice of appeal until June 21, 2016, we entered an order on July 11, 2016, denying his motion to file his notice of appeal out of time as to the November 24, 2015 final foreclosure judgment. Instead, our order limited his appeal to the May 12, 2016 order denying his motion to vacate the final judgment. However, Lee failed to provide us with the motion judge's statement of reasons for the May 12, 2016 order, and thus we cannot engage in meaningful appellate review of the judge's decision and order. See Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004).

As significantly, Lee's appellate brief does not address the merits of the reconsideration motion. Instead, his brief is directed entirely at an interlocutory order dated October 28, 2014, granting summary judgment striking his answer. His attempted appeal of that order is untimely, because his appeal of the final judgment was untimely. However, even if we were to consider his arguments, they are without merit, for the reasons cogently stated

by Judge David B. Katz in his written opinion accompanying the October 28, 2014 summary judgment order. Defendant's arguments do not warrant further discussion here. R. 2:11-3(e)(1)(E). Summary judgment was properly granted, and Lee has provided no basis to disturb the May 12, 2016 order denying his motion to vacate the final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-4469-15T3